UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD E. BELT,

    Petitioner,

v.                                                 CASE NO: 8:09-cv-872-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Donald E. Belt (hereinafter "Petitioner" or "Belt"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #20) and Petitioner's reply (Dkt. #25). Upon review, the Court determines that the petition must be denied because it fails to demonstrate that relief is merited pursuant to 28 U.S.C. §2254(d)(1) and (2).

## BACKGROUND

On July 6, 2005, Belt pled guilty to three counts of Lewd and Lascivious Molestation by a person over eighteen years of age upon a child twelve years of age or older but less than sixteen years. On August 12, 2005, concurrent prison terms of fifteen years were imposed on all three charges. On direct appeal, on May 12, 2006, the court's judgment was affirmed

without written decision. *Belt v. State,* 929 So. 2d 1061 (Fla. 2d DCA 2006)[table]. Belt did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

Belt filed a *pro se* petition dated November 19, 2007, in which he alleged that his appellate counsel provided ineffective assistance. The state district court denied the petition without elaboration on April 21, 2008. *Belt v. State,* 980 So. 2d 497 (Fla. 2d DCA 2008)[table].

Belt filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which was denied on July 2, 2008. Belt appealed, and the state district court affirmed without written decision on February 18, 2009. *Belt v. State,* 5 So. 3d 676 (Fla. 2d DCA 2009)[table].

Belt timely filed this federal habeas petition on May 11, 2009. In his sole ground for relief, Belt contends that "he was denied due process and equal protections of the law and that he received constitutionally ineffective assistance of counsel by virtue of counsel failing to object to a legally valid double jeopardy violation." Dkt. 1 at 5.

## STANDARD OF REVIEW

**A.     AEDPA**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the

claim resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

**B.     Ineffective Assistance of Counsel**

Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional forms. *Id*. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

## **DISCUSSION**

The Petitioner claims that he was denied his right to the effective assistance of counsel, because his counsel failed to raise a valid double jeopardy objection. Belt claims that his convictions and sentences for the three counts of lewd and lascivious molestation violated the Double Jeopardy Clause, which prohibits multiple convictions for the same offense, because his acts occurred in a single continuous criminal episode. To the extent Belt is claiming that his counsel was ineffective for failing to raise a double jeopardy objection, such is barred by entry of Belt's voluntary guilty plea.

This Court has explained that, "a voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding." *Carter v. Gladish*, 2005 WL 1712263, *8 (M.D.Fla. 2005), citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir.1991). In *Gladish* this Court also explained that "[t]his includes claims alleging ineffective assistance of counsel that do

not implicate the validity of the plea itself. *Id.* at *8, citing *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ( "Smith's guilty plea was voluntarily and knowingly made, [t]hus] he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea."); and *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant, including claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered guilty plea involuntary). Belt does not assert that his counsel coerced him into entering the guilty plea, and the record shows that he entered his guilty plea freely and voluntarily. Accordingly, Belt has waived any claim alleging the ineffectiveness of counsel.

Even if Belt hadn't waived his right to challenge his counsel's performance, the record shows that the acts he committed were separate acts not barred by double jeopardy. The Petitioner admitted, during his plea, the abuse occurred "over a wide range of time, over many, many, times." Also at the sentencing hearing, the prosecutor's statement of the facts clearly established that three separate acts had occurred, and these facts were not disputed. Belt admitted at sentencing that the abuse occurred for a couple of years and that it probably occurred hundreds of times.

Florida's Second District Court of Appeal has explained, "[i]n determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new

criminal intent between the occurrences." *Binns v. State*, 979 So. 2d 439, 442 (Fla. 4th DCA 2008) (quoting *Eaddy v. State*, 789 So. 2d 1093, 1095 (Fla. 4th DCA 2001). The court record indicates that the offenses were distinct acts and that Belt had time to pause, reflect, and form a new criminal intent between each occurrence. Because Belt's case does not involve a circumstance where one criminal act gave rise to multiple offenses, any objection on double jeopardy grounds would have lacked merit. A failure to make a meritless argument is not ineffective assistance of counsel. Therefore, Belt's counsel's performance was not deficient for failing to raise a double jeopardy objection and Belt was not prejudiced.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-872.deny 2254.wpd*